The next case on the docket is People v. Clifford Baker, 523-1198. Nobody's ever told me I'm soft-spoken before. Mine is loud. I know. I'm trying to get away from it. Sorry. All right. Who are the appellants? Ms. Burden? Why don't you come on up? The yellow light's two minutes. Yes. Where are you joining us from? Good morning, Your Honor. My name's Kelly Burden. I'm from the 1st District of OSAP. I'm representing Mr. Baker. Welcome to the 5th District. Thank you very much. Thank you. You may proceed. Good morning, Your Honor. Good morning, Mr. Miller. You may please the Court. My name is Kelly Burden, and I represent the appellant, Clifford Baker. Mr. Baker was 15 years old at the time of his offenses, and he will be 100 years old at the time of his projected parole date in 2094. There are two issues before the Court today. The first is whether Mr. Baker's pro se, post-conviction position made a substantial showing that his counsel was ineffective at sentencing. The second issue is whether or not he has made a substantial showing that his trial counsel was ineffective because of a conflict of interest. Alternatively, Mr. Baker also argues that his post-conviction counsel at the second stage proceedings was unreasonable. With respect to the first issue, this Court remanded for a resentencing hearing pursuant to Miller v. Alabama. In affirming his 85-year sentence following the resentencing hearing, this Court pointed out that Mr. Baker had every opportunity at the resentencing to offer evidence showing he could not appreciate the risks and consequences of his conduct, but he failed to do it. His post-conviction petition sheds light on why Mr. Baker did not present this type of evidence at his Miller resentencing hearing. His petition and the affidavits liberally construed support that there was an available expert to testify that Mr. Baker's brain was not fully developed at the time of the offenses and that he was capable of rehabilitation. Attached to his argument is that this issue could have been forfeited because it wasn't raised on direct appeal. My first argument, Your Honor, is that it is not forfeited. It's not forfeited because had it been raised on direct appeal, there's nothing in the record saying exactly what the expert would have testified to. So I don't think it would have been successfully raised on appeal. And I think, but alternatively, Your Honor, if this Court finds that it could have been raised on direct appeal, then there's a clear Addison violation in this case. I think it's important to note that in this case, post-conviction counsel told the post-conviction court, post-conviction counsel in this case filed a 651C affidavit indicating that there were no amendments needed. At the hearing, counsel attempted to argue ineffective assistance of appellate counsel for failing to raise this claim. Right then and there, the post-conviction court stopped her and said, well, wait a minute, counsel. You filed the 651C affidavit saying that there were no amendments needed. Now you're telling me they do need to be. And she said, basically represented the Court that she missed it. She said she had reviewed the pleadings. She thought there was a claim of ineffective assistance. So regardless of the merits of this case, this first issue, it is a clear Addison violation. And the Court, in its order dismissing the petition, said that the claim was not supported by an affidavit, but also gave as a reason for dismissing the claim that it could have been raised on direct appeal. Now, withstanding that, this case can go to the third stage, because he has made a substantial showing of a constitutional violation. He has the affidavit from Ms. Baker saying that there wasn't available, that she had spoken to at least one expert who gave a preliminary consult that she would testify favorably to Mr. Baker's prospects for rehabilitation, which is the core issue, as this Court knows, at any Miller hearing. Ms. Horner also, in her affidavit, said she talked to Mr. Potter, who was the original sentencing counsel. The record fully supports that Mr. Potter planned on calling an expert witness. He filed a motion for a mitigation expert. It's not clear whether or not that Court ever ruled on that motion. That was filed August 24, 2016. I believe that it was not, because there's nothing saying the Court granted it. But an important court date for this Court to look at is the November 10, 2016, status hearing, where Mr. Potter had retired and Mr. Starnes was appointed as new counsel. At that point, the conversations between the Court and Mr. Starnes are very telling. The Court told Mr. Starnes to get him up to speed about that they were going to be having this resentencing hearing. He told Mr. Starnes that Potter had retained or at least made arrangements to obtain a mitigation expert. The Court asked Mr. Starnes to speak with the expert. He also told Mr. Starnes that the first expert was too expensive, but that Mr. Potter had found someone. So the record indicates that Mr. Potter had at least found two experts who were willing to testify, one who was not economically feasible for the Court to approve. But the affidavit of Mr. Baker also indicated that his attorney, Mr. Starnes, told him he didn't understand juvenile law. And this Court should look to the record of the hearing. And that claim is bolstered, supported by the record. Mr. Starnes did not present any expert testimony at a Miller hearing, where this man was facing life in prison without parole, the most serious sentence any person can face in the state of Illinois. And he did not call an expert witness. He also did not talk to him about one witness that he would like to call, that he would like to be called. And what he did do was he highlighted the testimony from the trial from Dr. Solowicz, who was the sanity expert. That highlighting that evidence indicates that he didn't understand Miller and what that Miller was forward-looking and not backward-looking. So everything in this record supports that there was an available expert. And this expert could have made a difference. And the reason why we also know it could have made a difference is the same post-conviction – the court at post-conviction hearing was also the sentencing court. And he basically said, I can't say whether or not it would make a difference. He never said there's – no expert would have made a difference. This – the evidence against this kid was so insurmountable that he was beyond rehabilitation. He never said that. He said that he didn't have the affidavit in front of him. So we know, had counsel presented some evidence showing that he was – Mr. Baker was capable of rehabilitation, it would have made a difference. And it certainly undermines this Court's confidence in that sentencing hearing and reminding that we are – again, we are at the second stage here. So all we are asking for is this Court to advance it to the third stage. But if – Is that the relief you're asking as opposed to further second-stage proceedings? Yes. First, we would ask for third-stage proceedings on both of the claims. But alternatively, if this Court finds that – that the petition was not sufficient, it did not establish the standard for second stage, then we would ask a remand for new second-stage proceedings. In my mind, that is really the issue before the Court today, is whether or not it goes back for a remand for a third-stage evidentiary hearing or whether or not it goes back for a second stage. Because the record is very clear that there was an Addison violation, that the Court dismissed the case based on, in part, both of the claims because of the failure to – these claims were not raised on direct appeal. The second issue before the Court here is whether or not Mr. Baker has made a substantial showing that his counsel was ineffective because of a conflict of interest. On this claim, the State essentially argues that – that this is waived because it could have been raised on direct appeal. It could not have been raised on direct appeal because now we have Mr. Baker's affidavit that fills in the context of why the trial attorney made the decisions that he made. He misadvised Mr. Baker on certain things, and the record fully supports that the trial attorney was considering a civil lawsuit. That is in the trial record. Mr. Baker, his affidavit shows that his trial counsel misadvised him. So it gives a reason why the case, the defense was pursued in the way. And that is a substantial showing of an actual conflict of interest. If the financial interest that Mr. McBoard might have had in a potential civil lawsuit influenced his decision, then that is a substantial showing of a conflict. A third stage evidentiary hearing would be necessary on this issue, as in most issues of ineffective assistance, because you would need to hear from the attorney. And at the third stage, the court would be able to make credibility determinations and determine whether or not Mr. McBoard pursued the defense for that reason or perhaps he did not. So that claim fully should be advanced for a third stage hearing. However, even if the court finds that it was – that it was waived, as the State Court argues, again, I would point the court to the record where post-conviction counsel at the hearing raised ineffective assistance of appellate counsel as a defense for this claim specifically as well as the first claim. In sum, Mr. Baker has made a substantial showing of a constitutional violation on both of these claims. And the petition should be remanded for a third stage evidentiary hearing. However, if this Court does not agree, then at a minimum, this petition should go back for a new second stage proceedings. Okay? Questions? Just a second. Thank you. All right. Thank you for your initial argument. You'll have rebuttal after Max Miller. Mr. Miller. May it please the Court, counsel. My name is Max Miller, and I represent the people of the State of Illinois. Without rehashing too much the details that are outlined in great length in the brief, really before this Court regarding whether or not the defendant made a substantial showing of a constitutional violation where he didn't present this expert witness testimony at the resentencing hearing. As the case law said, there's not a lot of disagreement here on the second stage. All these well-pled factual allegations and well-pled, these are all taken as true. So the only issue before this Court is if it agrees with the State's assertion that this was not a well-pled allegation, that it is in fact required, excuse me, by Section 122-2 of the Post-Conviction Act that says, the petition shall have attached thereto affidavits, records, or other evidence, and the affidavits and exhibits which accompany a petition must identify with reasonable certainty the sources, character, and availability of the alleged evidence supporting the petition's allegations. And so, quite simply, the State is asserting that this is not the case. We have this affidavit attached from the appellate public defender that says they've talked to some experts and that there is, that they had a positive response from one, that one of them might testify regarding rehabilitative potential. And the State's assertion is very directly that that does not give us the expert. We don't know exactly who that expert is, the identity of that expert, and we don't know the content of what exactly they're going to be testifying to. You know, rehabilitative potential is not the same. We don't, that doesn't necessarily get into the brain science or anything. We don't know that. And at the second stage, this Court's not required to speculate on any of that. That would all, that can't, we just have to take the allegations as they're pled. And so it's the State's. So does that mean counsel was ineffective for filing a noncompliant petition? No. So you're talking about post-conviction counsel at this point? Post-conviction counsel. Excuse me, Your Honor. We know there was an expert retained. I think the name Foster comes to mind, but okay. There was an expert retained. Too expensive, then another expert was retained. So does post-conviction counsel fail here because of the failure to do what you're saying? So, no, Your Honor. I would say that, excuse me, sorry, I had my post-conviction, my ineffective assistance account that I put in. But moving on from that, but you understand the State's assertion regarding ineffective assistance of counsel. So why is this not unreasonable assistance of post-conviction counsel? And here the State would just maintain that the issue, there's not an Addison issue regarding resentencing, okay, because we're not talking about forfeiture. The State agrees that this matter is outside of the record. Okay. So the State doesn't even advance forfeiture regarding this expert witness. We're not saying the issue is forfeited. It just wasn't well pled. So we're not dealing with that. But the State does maintain that there is still a presumption that stays with the defendant throughout all stages of the post-conviction hearing, that the basis of their, you know, to provide an adequate basis for this, and that we have on file here a 651C certificate, and this Court does presume that counsel provided reasonable assistance. And so the burden is on the defendant to show that counsel failed to do so. Now, all defendant can do really on appeal is reiterate that this expert exists, but it's based off of this affidavit, which the State is maintaining lacks the specificity to substantiate these claims, that this is not a sufficient basis, that this affidavit, that we talked to some experts, and one of them said that they might testify positively regarding rehabilitative potential. That doesn't give you the expert, and it doesn't give you the content of that expert's testimony. And so for that reason, we don't think that that passes muster either on ineffective assistance or on reasonable assistance, because, again, Addison is not able to. Counsel's acknowledgment that she did not amend the petition to include the claim of ineffective assistance of appellate counsel because she missed that. I believe that that's regarding the second issue, the conflict of interest, Your Honor. And so admittedly, that issue does implicate Addison. So at that point, the State is in a position. And so it requires, I mean, the State has not cited any authority, can't give you any authority, which contravenes Addison. So the holding of Addison essentially is that if the failure on the part of our post-conviction counsel here to amend the petition is such that the defendant suffers forfeiture, then that would rebut the presumption of the 651C certificate. And so I believe that the only argument available to the State at that point is that granting that, you know, that this Court does find that that issue is forfeited, and so therefore that forfeiture was brought about by post-conviction counsel. So, you know, I'm kind of doing a dance here because the State has to, on one hand, say that, you know, counsel was not ineffective for this, and then the ineffective claim seems to shift with Addison now to post-conviction counsel. So now was it their fault per se? And the State would just say that when you read the case law for second-stage post-conviction proceedings as a whole, that Addison does not remove this burden that is on defendant to provide these well-placed facts. And the case law regarding, also regarding the reasonable assistance of post-conviction counsel, excuse me. If I just have one moment. Excuse me. So a defendant in a post-conviction proceeding is entitled, counsel is not required to, sorry. Post-conviction counsel is not required to amend a defendant's pro se post-conviction petition. That's People v. Kirk. In fact, counsel's decision not to amend a pro se petition has been held not to constitute a deprivation of adequate representation, whereas claim lacks a sufficient factual basis. And I think that the State's only report here is to say that the facts that are pled were denied a sufficient factual basis. So what can defendant do? The burden was on the defendant to show that post-conviction counsel failed to adequately investigate this and that those claims would have been successful. Now, if it is true that this Court's reading of Addison is such that, well, they didn't advance that ineffective assistance of appellate counsel claim is definitive, there's nothing that can be said at that point. And so I would just point out that there are. In this case, we have the Court bringing this to the counsel's attention that the amendment wasn't made and counsel acknowledging, I missed it. And then the Court saying, which is, I mean, if we talk about then the prejudice prong, the Court says it would not be able to determine whether expert testimony would have affected me or not because I don't know what this miscellaneous unnamed expert would say. So how do we get around that? Well, I believe, Your Honor, and forgive me if I'm wrong, but I believe that that is mixing the two of those issues and that when the Court acknowledged that there was not, this wasn't preserved with an effective assistance of counsel claim, that's only referring to the conflict of interest aspect of this, not the expert testimony. The expert testimony, and again, that's just the State's position. If I'm wrong, I fully admit that. But I believe that that's simply that. But regarding the conflict of interest saying that, you know, counsel made this admission that this is the case, then I would simply rely on the State's argument below that defendant has failed to produce or plead facts that would permit him to proceed on this claim, that the statement is merely conclusory and that that in and of itself is not a sufficient basis. Justice Gates asked opposing counsel about their relief, their remedy. What's your position on that? I think they asked first for a third-stage evidentiary hearing and, if not, remand for second-stage proceedings. So the State's only request is that this affirm the dismissal of the second-stage petition. However, with regards to Justice Gates' specific questions, the issue here about unreasonable assistance of post-conviction counsel, the proper remedy, if you were to find that that was the case, would be a remand back to the second stage. But the State's position is certainly that there's nothing here that would advance this to the third stage through an evidentiary hearing, but also that it is not necessary to send back because the trial court properly dismissed it. And if there's nothing further, then I would respectfully request this court affirm. Okay. Thank you, Mr. Miller. Thank you, Your Honor. Thank you. Ms. Brayden, rebuttal. I'd just like to make three points before the court. With respect to the first allegation, with the expert testimony, counsel, the State's position is that that allegation is not well pled. Excuse me. I have a little trouble hearing you. Can you pull the microphone down just a bit?  Thank you. With respect to the first argument of ineffective assistance of sentencing counsel for the expert, the State's position is that that claim is just not well pled and that there's not enough to move forward because the affidavit doesn't specifically identify the expert. The State cites to no case law. And the statute says this whole purpose of the statute of having corroborating evidence, and I think the statute, the language of it speaks to it, is to show that the allegations are capable of corroboration to get it to the third stage. He's not required at this stage to present an expert and have everyone judge whether or not the expert's opinions at this stage. At this stage, it is enough for Mr. Baker to present the allegations that there was, which are taken as true, that there was an expert that was available, that is supported by the record in this case, and that is also supported by the affidavits that Ms. Forner found an expert. So this is enough to go forward to the third stage. And there's no case law that supports the position that the lack of detail in this affidavit from Ms. Forner is a reason to not advance it to the third stage. Secondly, the State now, with respect to the first argument of ineffective assistance of sentencing counsel, is in a way to get around Addison is claiming that this could have been raised on direct appeal. I'm sorry, that it could not have been raised on direct appeal. But that's contrary to what they argued below. Below, the State argued that the claims were waived because they could have been raised on direct appeal. So in a way to get around Addison, the State is arguing that. But Addison makes clear that when counsel fails to amend, make a routine amendment, and Addison just reaffirming Turner on that, a routine amendment to overcome the procedural bar is patently unreasonable. So whether or not the State now is going to say, oh, we're not going to argue forfeiture on appeal, they argued it below, and it was a reason why the court dismissed the claim. And also, with respect to counsel's argument that the ineffective assistance of appellate counsel was only the admissions of counsel, post-condition counsel on the record, were only as to one claim, that's not correct. Counsel attempted twice during the hearing to raise the ineffective assistance of appellate counsel, and she attempted to raise it with respect to both issues. And just as importantly, the court's order found both of the issues were raised for failure or were barred because of the failure to raise non-ineffective assistance of counsel. So, again, respectfully, Mr. Baker requests that this case be advanced for a third-stage evidentiary hearing or, in the alternative, remanded for new second-stage proceedings. Questions? No, thank you. Thank you, Ms. Burton. Thank you both for your arguments here today. The matter will be taken under advisement. We'll issue an order in due course. Appreciate it. Have a good day. Have a good trip back. Okay, the court will be in a short recess.